UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
THEODORE PERSICO,

               Petitioner,

-against-

UNITED STATES OF AMERICA,

               Respondent.
------------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
09-CV-3329 (CBA)

AMON, United States District Judge:

Petitioner Theodore Persico ("Persico"), proceeding pro se, moves this Court to issue a Writ of Audita Querela pursuant to 28 U.S.C. § 1651. On July 22, 1997, Persico was sentenced to 210 months' imprisonment for racketeering, racketeering conspiracy, murder conspiracy, conspiracy to extend extortionate loans and conspiracy to use extortionate means to collect debts. Persico was additionally sentenced to a 60 month consecutive term of imprisonment for carrying a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). Persico now argues that the consecutive sentence should be vacated in light of United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). For the reasons that follow, Persico's motion is denied.

The writ of audita querela is not available to Persico here. The Second Circuit has explained that a "writ of audita querela might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007). That is, "if the absence of any avenue of collateral attack would raise serious constitutional questions about the laws limiting those avenues, then a writ of audita querela would lie." Id. Where there is no colorable claim of a constitutional violation, the absence of other avenues of collateral attack does not give rise to

serious constitutional questions. Id. As described below, Persico raises no colorable constitutional claim.

Persico contends that his consecutive sentence under 18 U.S.C. § 924(c) must be vacated in light of Whitley. Defendants convicted of violating §924(c) are generally subject to mandatory, consecutive terms of imprisonment. In Whitley, however, the Second Circuit held that the statute's prefatory language excepting defendants otherwise subject to greater minimum sentences[1] did not require a district court to sentence a defendant to a ten-year consecutive term of imprisonment where the defendant was also subject to a fifteen-year term of imprisonment under § 924(e). 529 F.3d at 150. In United States v. Williams, 558 F.3d 166, 170 (2d Cir. 2009), decided the following year, the Second Circuit construed Whitley to compel a finding of plain error where the Court imposed a mandatory consecutive five-year sentence pursuant to § 924(c) in circumstances where the defendant's underlying drug crime carried a higher ten-year mandatory minimum sentence. See United States v. Parker, 577 F.3d 143, 146 (2d Cir. 2009) (citing Williams, 558 F.3d at 170).

Although the Circuit has not yet addressed the retroactivity of the Whitley holding to cases on collateral review, the Court need not analyze that issue here because the Whitley and Williams decisions are not applicable to Persico's case. Petitioner's § 924(c) conviction was based on an earlier version of the statute which did not contain the prefatory language underlying

---

[1] 18 U.S.C. § 924(e) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

(emphasis added).

the rule in Whitley. Prior to Congressional amendment in 1998, the statute did not contain the prefatory phrase "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law." Persico was convicted in 1997 under the earlier version of the statute. His reliance on Whitley and Williams is therefore misplaced.

Moreover, even under the present language of § 924(c), he would not prevail. The predicate crime underlying Persico's § 924(c) conviction, a murder conspiracy in violation of 18 U.S.C. § 1959(a)(5), does not carry a mandatory minimum sentence and therefore the Whitley/Williams rule does not control. See Parker, 577 F.3d at 146 ("The Whitley/Williams rule has no bearing on this case because the predicate drug crime underlying Parker's conviction does not dictate a mandatory minimum sentence.").

For the reasons set forth above, Persico's motion is denied and the case is dismissed. The Clerk of the Court is directed to enter judgment in accordance with this opinion and close this case.

SO ORDERED.

Dated: Brooklyn, New York
       December 9, 2009

/Signed by Judge Amon/
Carol Bagley Amon
United States District Judge